OTT, Judge.
A final judgment entered in this dissolution action on August 16,1979, awarded the wife custody of two young children, child support, permanent periodic alimony, lump sum alimony and attorney’s fees. We find no error in those awards and therefore affirm them.
The judgment also ordered the husband to maintain insurance on his life for the benefit of the children and medical/dental insurance coverage for them. In addition, certain conditions were placed on his right of visitation. We find no abuse of discretion in those orders and therefore affirm them.
Finally, the judgment declared the husband in contempt for removing the children from the State of Florida, contrary to “the previous Court order.” It appears from the record that during the course of the proceedings it became apparent to husband that he probably would not prevail in the custody battle. He quietly picked up the children from the wife for “visitation” and moved to the State of Rhode Island. There he obtained a court order restraining the removal of the children from that state. So far as the record reveals, he and the children are still there. In any event, he did not appear to contest the wife’s contempt motion on August 14, 1979, at which time the final hearing on the entire case was also held, resulting in the aforesaid final judgment. As a consequence of the finding of contempt, the judgment sentenced appellant to a year in the county jail, with provision that the sentence would be suspended if he returned the children to the wife within 48 hours. That portion of the judgment is not supported by the record and we therefore reverse it.
A brief review of the trial court proceedings will explain our conclusion regarding the alleged contempt. The first order dealing with custody was contained in a default judgment entered September 22, 1978, when appellant failed to file a timely appearance, and that order awarded temporary custody to the wife. However, on appellant’s motion that judgment was “set aside and vacated” on November 15, 1978, and, although he was (1) ordered to continue to pay temporary child support and (2) later granted physical visitation with the children, the fact remains that no custody order was in effect (or in existence) when appellant left the state with the children.
Under those circumstances, we do not reach the question whether appellant would have been in violation of the temporary custody order had it been in effect. It wasn’t, and therefore contempt proceedings predicated on a violation of such order can have no validity.
*928 The portions of the judgment finding appellant in contempt, and punishing him for it, are vacated and set aside. In all other respects, the judgment is affirmed. Nothing contained herein shall be construed, as imposing any limitation or restriction on the power of the court below to lawfully enforce those provisions of the final judgment of August 16, 1979, which are affirmed by this opinion.
HOBSON, Acting C. J., and CAMPBELL, J., concur.